IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IVORY LEE ARNOLD,

    Petitioner,

v.                                                     CASE NO. 4:05-cv-00239-MP-AK

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's petition for writ of habeas corpus.  Doc. 1. On this occasion, Petitioner attacks his convictions from March 26, 1990.  This petition not only is patently untimely but also is an unauthorized second or successive petition.  Although Petitioner answered "No" to the question regarding whether he had previously filed a § 2254 petition, that is not the case.  In *Arnold v. Moore*, Cause No. 4:98CV2-WS/WCS (N.D. Fla.), Petitioner attacked the same convictions now at hand.  That petition was dismissed with prejudice and affirmed on appeal.  *See id.* at Docs. 15, 17, 18, & 35.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), this Court cannot consider a second or successive habeas petition until a panel of the Eleventh Circuit has authorized its filing.  There is no indication that Petitioner has satisfied the requirements for filing this case, and thus, it is not properly before this Court for consideration.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **SUMMARILY DISMISSED AS AN UNAUTHORIZED SECOND OR SUCCESSIVE PETITION**.

**IN CHAMBERS** at Gainesville, Florida, this  **19th**   day of July, 2005.

s/ A. KORNBLUM
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**